No. 95-2464
_____

United States of America,   *
                            *
        Appellee,           *
                            *  Appeal from the United States
    v.                      *  District Court for the
                            *  District of Minnesota.
Robert Dean Campbell,       *
                            *
        Appellant.          *  [UNPUBLISHED]


_____

        Submitted: February 21, 1996

        Filed:  March 11, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


    Robert Dean Campbell appeals the 57-month sentence imposed by the district court after he pleaded guilty to conspiring to manufacture and possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. We remand.

    For sentencing purposes, Campbell stipulated that his criminal activity involved 510 marijuana plants. Applying a ratio of one kilogram per plant, as required by U.S.S.G. § 2D1.1(c)(6) (Nov. 1994), the presentence report indicated that Campbell should be held accountable for 510 kilograms of marijuana. Campbell did not object. Rather, he moved for a downward departure under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0. In support, Campbell cited the Sentencing Commission's proposed Guidelines amendment changing the marijuana equivalency to 100 grams per plant, and maintained the Commission's conclusion that the one-kilogram-per-plant ratio was

not justified was a mitigating factor not adequately considered when the Commission formulated the Guidelines.

The district court determined that the Guidelines range was 57 to 71 months--based in part on the PSR's recommended base offense level--and found that Campbell qualified, under U.S.S.G. § 5C1.2, for a sentence below the applicable mandatory minimum 60-month sentence. The district court denied Campbell's departure motion, noting that if Congress adopted the proposed amendments and the proposed amendments were made retroactive, "that will inure to the benefit of [Campbell] and we will have to take that up in due course." The court sentenced Campbell to 57 months imprisonment and four years supervised release.

Effective November 1, 1995--five months after Campbell was sentenced--section 2D1.1(c) was amended by replacing the one-kilogram-per-plant ratio with an instruction to treat each plant "as equivalent to 100 G of marijuana." U.S.S.G. App. C Amend. 516 (Nov. 1995); see U.S.S.G. § 2D1.1(c) Note (E) & comment. (backg'd.) (Nov. 1995). The Commission has indicated that Amendment 516 is to be applied retroactively. U.S.S.G. § 1B1.10(c), p.s. (Nov. 1995).

On appeal, Campbell initially argued the district court erred in not departing downward. Subsequently, however, he requested--and was granted--a stay of the appeal, in light of the Commission's vote to apply Amendment 516 retroactively. Essentially, Campbell has abandoned his downward-departure challenge, and has replaced it with what we view as a request for a remand to allow the district court to consider whether he should receive a reduction in his sentence.

Under 18 U.S.C. § 3582(c)(2), a defendant sentenced to imprisonment based on a sentencing range subsequently lowered by the Commission may be entitled to a sentence reduction if the district court determines, in light of the factors set forth in 18

U.S.C. § 3553(a) (factors to be considered in imposing sentence), that a reduction is consistent with applicable policy statements issued by the Commission.  See U.S.S.G. § 1B1.10(a), p.s.  Because section 1B1.10 does not mandate retroactive application of Amendment 516, but gives the district court the discretion to resentence under the lowered Guidelines range, we remand to permit the district court to determine whether Campbell should be given a reduction.  See United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993).

Accordingly, we remand the judgment of the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.