104 F.3d 243
 96 Cal. Daily Op. Serv. 9473, 96 Daily Journal
D.A.R. 15,565
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier CANDIA-VELETA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Angel MENDOZA-VILLALOBOS, Defendant-Appellant.
 Nos. 96-50070, 96-50117.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 27, 1996.
 
 Korey House, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant Javier Candia-Veleta.
 Michael Tanaka, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant Miguel Angel Mendoza-Villalobos.
 Ronald L. Cheng and Gregory J. Weingart, Assistant United States Attorneys, Los Angeles, CA, for plaintiff-appellant.
 Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding. D.C. No. CR-95-00742-ER.
 Appeal from the United States District Court for the Central District of California, Mariana R. Pfaelzer, District Judge, Presiding. D.C. No. CR-00115-MRP-1.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Javier Candia-Veleta and Miguel Angel Mendoza-Villabos appeal the district court's denials of their motions for discovery relating to selective prosecution challenges. These two cases, which present identical issues, were consolidated for purposes of disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 * BACKGROUND
 
 Candia-Veleta
 
 3
 Candia-Veleta was found in the United States after having been deported once and convicted three times for committing felonies (assault with a deadly weapon and car theft). On October 12, 1995, Candia-Veleta entered a conditional guilty plea to having illegally reentered the country as a previously deported felon, in violation of 8 U.S.C. § 1326(a), (b)(1).[1]
 
 
 4
 Prior to his plea and sentencing, Candia-Veleta moved for nationwide discovery regarding the selective prosecution of individuals under 8 U.S.C. § 1326. His threshold showing included national data on defendants presented by the Immigration and Naturalization Service (INS) for prosecution under section 1326, along with data showing a predominance of Latino surnames among those prosecuted within the Central District. The national data indicates that from 1988 to 1993 the government prosecuted a higher percentage of persons with Latino surnames than persons with non-Latino surnames. Dr. Richard Berk, a sociologist, opined that the difference could not be explained by random variation, but that it could be attributable to other factors besides race. Accordingly, Candia-Veleta sought more information about each person presented for prosecution including prior criminal record, prior deportations, age, gender, presence of other family members in the country, and nationality.
 
 
 5
 The Government opposed the selective prosecution motion on the ground that Candia-Veleta had not made a sufficient showing of selective prosecution to entitle him to the requested discovery. The government further argued that nationwide statistics were irrelevant because the decision to prosecute is made by the United States Attorney's Office (USAO) for each district according to section 1326 guidelines promulgated in that district. The government presented evidence showing that although INS officials had some minor input in the promulgation of the guidelines, there was no consultation with any other USAO or with Department of Justice officials in Washington D.C. The government also submitted evidence showing that the decision to prosecute an individual presented for prosecution is made by the Central District USAO according to its guidelines and that it is the individual Assistant United States Attorney (AUSA) who has the discretion to prosecute persons who fall outside the guidelines or to decline to prosecute persons who fall within the guidelines.
 
 
 6
 Candia-Veleta later moved for reconsideration. In support of his motion, Candia-Veleta added two letters from California Attorney General Dan Lungren to United States Attorney General Janet Reno, in which Lungren sought more prosecutions of illegal aliens in California. Candia-Veleta also offered two newspaper articles. U.S. Department of Justice Officials claimed they were responding to Attorney General Lungren's concerns and cited California enforcement policies as examples of their responsiveness.
 
 
 7
 The district court denied Candia-Veleta's motion for reconsideration. He now appeals.
 
 Mendoza-Villalobos
 
 8
 Mendoza-Villalobos was found in the United States after having been deported three times and convicted of three felonies (robbery, burglary, and drug possession) and one aggravated felony (possession of cocaine base for sale). On June 27, 1994, Mendoza-Villalobos entered a conditional guilty plea to having illegally reentered the country as a deported aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2).
 
 
 9
 Prior to his plea, Mendoza-Villalobos moved to dismiss the indictment and sought nationwide discovery regarding section 1326 prosecutions. In support of his motion for discovery, Mendoza-Villalobos offered substantially the same evidence as that produced by Candia-Veleta. The district court denied the discovery motion. Mendoza-Villalobos appealed and we remanded for reconsideration in light of our decision in United States v. Armstrong, 48 F.3d 1508, 1512 (9th Cir.1995) (en banc).[2]
 
 
 10
 Upon remand, Mendoza-Villalobos filed supplemental papers adding the Lungren letter and the two newspaper article discussed above. The district court issued an order denying the discovery motion and entering final judgment as of the date of entry of the order. Mendoza-Villalobos now appeals.
 
 II
 ANALYSIS
 
 11
 Candia-Veleta and Mendoza-Villalobos contend that the district court erred by denying their requests for nationwide discovery because they presented evidence from which it can be inferred that the United States Justice Department has specifically targeted the Central District of California for harsher prosecution on the basis of its racial or ethnic makeup.[3] We disagree.
 
 
 12
 We review a district court's decision on whether to grant discovery related to a selective prosecution claim for abuse of discretion. United States v. Gomez-Lopez, 62 F.3d 304, 306-07 (9th Cir.1995). We also review a district court's decision on the scope of discovery for a selective prosecution claim for abuse of discretion. Id. at 306-07.
 
 
 13
 In order to show selective prosecution a defendant must submit clear evidence that the federal prosecution policy had a discriminatory effect and that it was motivated by a discriminatory purpose. United States v. Armstrong, --- U.S. ----, ---- - ----, 116 S.Ct. 1480, 1486-87, 134 L.Ed.2d 687 (1996). The defendant must make a "credible showing of different treatment of similarly situated persons." Id. at ----, 116 S.Ct. at 1489.
 
 
 14
 In Gomez-Lopez, we reversed an order of circuit-wide discovery and held that discovery in support of a selective prosecution claim could not extend beyond the USAO for the Central District of California. Gomez-Lopez, 62 F.3d at 306. In so holding, we noted that while the INS had some input on the charging guidelines, there was no evidence that the decision to prosecute a particular defendant was made by anyone other than the USAO for the Central District. Id. at 307.
 
 
 15
 With the exception of the two letters from Attorney General Lungren to Attorney General Reno, and the two newspaper articles, Candia-Veleta and Mendoza-Villalobos now offer the same evidence as that presented by the defendant in Gomez-Lopez. At most, the letters and articles indicate general support on the part of the United States Justice Department for the prosecution policies in effect in the various USAO offices in California. These submissions do not provide any indication that the Attorney General, or some other official in Washington, exercises any control over the manner in which these policies are applied. In sum, there is no evidence that the decision to prosecute Candia-Veleta and Mendoza-Villalobos was made by anyone other than the USAO for the Central District. See Gomez-Lopez, 62 F.3d at 307. Accordingly, appellants have failed to show the nationwide discovery "bear(s) a reasonable relationship to the decision to prosecute the particular defendant(s)." Id. at 306. There being no abuse of discretion, the district court's decisions denying appellants' motions for nationwide discovery are affirmed.[4]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 Section 1326 provides:
 (a) Subject to subsection (b) of this section, any alien who--
 (1) has been arrested and deported or excluded and deported, and thereafter
 (2) enters, attempts to enter, or is at any time found in the United States, ... shall be fined ... or imprisoned not more than 2 years, or both.
 (b) Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
 (1) whose deportation was subsequent to a conviction for commission of three or more misdemeanors ... or a felony ... such alien shall be fined ... imprisoned not more than 10 years, or both; or (2) whose deportation was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined ... imprisoned not more than 20 years, or both ...
 
 
 [2]
 The United States Supreme Court subsequently granted certiorari and reversed this court's judgment. See United States v. Armstrong, --- U.S. ----, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)
 
 
 [3]
 During the district court proceedings, both Candia-Veleta and Mendoza-Villalobos were provided with discovery regarding section 1326 prosecutions within the Central District of California pursuant to a discovery order granted in another case. Upon receiving this information, both Candia-Veleta and Mendoza-Villalobos conceded that there was no basis for any further argument regarding selective prosecutions within the Central District
 
 
 [4]
 Because we conclude that the relevant scope of discovery is limited to the individual district, we need not decide whether the type of evidence submitted by appellants would otherwise constitute a credible showing of selective prosecution under Armstrong