116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose MENDOZA-CHAVERO, aka: Jose Chavero-Mendoza, Defendant-Appellant.
 No. 95-50503.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Mendoza-Chavero appeals his conviction and sentence, following a stipulated facts bench trial, for illegally reentering the United States after having been convicted of a felony and deported in violation of 18 U.S.C. § 1326. Pursuant to Anders v. California, 386 U.S. 738 (1967), Mendoza-Chavero's counsel filed a brief stating that she finds no meritorious issues for review, and a motion to withdraw as counsel of record.
 
 
 3
 Counsel identified four possible issues for review which we reject. First, with respect to the question whether Mendoza-Chavero's waiver of his Miranda rights was involuntary due to his drug-induced intoxication, we find no error in the district court's determination that Mendoza-Chavero's acts were the products of a free and deliberate choice. See United States v. Kelley, 953 F.2d 562, 565 (9th Cir.1992) (despite a defendant's intoxication, a statement is voluntary if it is the product of a rational intellect and free will). Second, Mendoza-Chavero's contention that he was entitled to national discovery regarding prosecution of illegal reentry cases is foreclosed by our recent opinion in United States v. Candia-Veleta, 104 F.3d 243, 246 (9th Cir.1996). Third, the district court did not err by excluding evidence of "de facto citizenship" which Mendoza-Chavero claims provided an affirmative defense to his illegal reentry. The district court held, as a matter of law, the defense could not prevail. We find no error in the district court's order striking the defense. Cf. United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993) ("A defendant is entitled to an instruction on his theory of the case [only] ... if there is evidence upon which the jury could rationally find for the defendant."). Accordingly, the district court properly excluded the evidence. See Fed.R.Evid. 403; Liew v. Official Receiver & Liquidator, 685 F.2d 1192, 1194 (9th Cir.1982). Finally, the district court's discretionary refusal to depart downward is not reviewable on appeal. See United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995); United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992).
 
 
 4
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issue for review. Accordingly, the motion of counsel to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3