# UNITED STATES of America, Plaintiff–Appellee,

## v.

# Enguilberto AGUILAR–AYALA, Defendant–Appellant.

## No. 96–10247.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1997.

Decided July 16, 1997.

John P. Balazs, Assistant Federal Defender, Sacramento, CA, for Defendant–Appellant.

Karen A. Kalmanir, Assistant United States Attorney, Fresno, CA, for Plaintiff–Appellee.

Before: D.W. NELSON and FERNANDEZ, Circuit Judges, and MOLLOY, District Judge.*

D.W. NELSON, Circuit Judge:

Enguilberto Aguilar–Ayala appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the sentence imposed following his guilty plea to conspira-

* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

cy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. Aguilar–Ayala moved for resentencing under Amendment 516 to the Sentencing Guidelines, which reduced the marijuana equivalency ratio from one kilogram to 100 grams per plant. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's decision and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Law enforcement officers took Aguilar–Ayala into custody after they received an anonymous tip about a marijuana garden in the Stanislaus National Forest. Agents discovered 755 marijuana plants in the forest and, during their surveillance, they observed Aguilar–Ayala examining the plants and adjusting irrigation lines. Aguilar–Ayala, his brother Everardo Aguilar, and their nephew Sacramento Aguilar were arrested at the cultivation site. At the time of his arrest, Aguilar–Ayala was carrying a loaded .22–caliber handgun.

On July 28, 1994, Aguilar–Ayala was indicted for one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846; one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1); and one count of using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Pursuant to a written plea agreement, Aguilar–Ayala entered a guilty plea to conspiracy to manufacture marijuana on November 7, 1994. In exchange, the government dismissed the remaining counts and agreed to recommend a sentence at the low end of the applicable guideline range.

Because the offense involved more than 50 marijuana plants, each plant was treated as equivalent to one kilogram in the calculation of Aguilar–Ayala's offense level. U.S.S.G. § 2D1.1(c) (1994). The base offense level for 755 kilograms of marijuana is 30, § 2D1.1(c)(5), and Aguilar–Ayala received a two-level increase for possession of a firearm and a three-level decrease for timely accep-

tance of responsibility. With a total offense level of 29, and no criminal history points, the applicable guideline range was 87 to 108 months. The district court sentenced Aguilar–Ayala to 87 months imprisonment and a four-year term of supervised release.

On appeal, the Ninth Circuit rejected Aguilar–Ayala's claim of ineffective assistance of counsel and his argument that he was entitled to a two-level reduction in his offense level for his minor role in the marijuana conspiracy. The court affirmed his sentence in an unpublished memorandum disposition. *United States v. Aguilar–Ayala,* No. 95–10098, 1996 WL 138575 (9th Cir. Mar. 27, 1996).

On November 1, 1995, while Aguilar–Ayala's appeal was pending in the Ninth Circuit, the Sentencing Commission adopted an amendment to the Drug Quantity Table in § 2D1.1(c). Instead of treating each marijuana plant as equivalent to one kilogram, the amendment adjusts the presumptive weight of each plant to 100 grams per plant regardless of the total number of plants involved. U.S.S.G. Appendix C, Amendment 516 (1995). Retroactive application of the amendment would reduce Aguilar–Ayala's offense level from 29 to 21, § 2D1.1(c)(9), and would result in a guideline range of 37 to 46 months. Aguilar–Ayala remains subject to a mandatory 60–month term under 21 U.S.C. § 841(b)(1)(B)(vii), but retroactive application of the amendment could reduce his sentence to the statutory minimum.[1] *See* U.S.S.G. § 5G1.1(b).

Aguilar-Ayala filed a motion to reduce his sentence in accordance with 18 U.S.C. § 3582(c)(2). The district court denied his motion on May 13, 1996, and Aguilar–Ayala appeals.

## STANDARD OF REVIEW

The district court's interpretation of the Guidelines, as a question of law, is reviewed de novo. *United States v. Cueto,* 9 F.3d 1438, 1440 (9th Cir.1993). The application of the Sentencing Guidelines to the facts

---

**1.** Before the district court, Aguilar–Ayala argued that he qualified for a sentence below the statutory minimum penalty of 60 months pursuant to the safety valve provision of 18 U.S.C. § 3553(f). He does not pursue this contention on appeal.

is reviewed for an abuse of discretion. *Koon v. United States,* —— U.S. ——, ——, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996).

## DISCUSSION

■ A court may modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered … if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court had the discretion to modify Aguilar–Ayala's sentence because the Sentencing Commission explicitly authorized retroactive application of Amendment 516. U.S.S.G. § 1B1.10(a), (c).[2]

We have stated that the Sentencing Commission's revision of the Drug Quantity Table was "intended to apply retroactively" and "to have the remedial effect of reducing sentences imposed under an earlier, more punitive sentencing formula." *United States v. Blake,* 88 F.3d 824, 825 (9th Cir.1996). Although retroactive application is not mandatory, a defendant "is entitled to have his sentence reviewed in light of the amendment." *United States v. Wales,* 977 F.2d 1323, 1328 (9th Cir.1992) (quoting *United States v. Connell,* 960 F.2d 191, 197 (1st Cir.1992)).

Here, the district court erroneously concluded that, due to the statutory mandatory minimum, it did not have the discretion to apply Amendment 516 retroactively. The court reviewed the government's arguments against retroactive application, but then stated that "any further consideration of this issue is moot because the statutory provisions preclude it from being applied retroactively." In summarizing its decision, the district court continued: "[E]ven if the Court did exercise its discretion to apply Amendment 516 to Defendant's sentence, it would be statutorily barred from doing so under 18 U.S.C. § 3553(f)(1) & (5)."

The district court erred as a matter of law in its analysis of the interaction between 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3553(f). Section 3553(f) is the "safety valve" provision that permits sentencing below the statutory minimum under certain circumstances.[3] The district court's determination that Aguilar–Ayala did not qualify under the safety valve provision did not preclude it from lowering his sentence through retroactive application of Amendment 516. The statutory minimum sentence is 60 months, and Aguilar–Ayala received an 87–month sentence. Even if he is not eligible for resentencing within the amended range of 37 to 46 months, application of Amendment 516 could lower Aguilar–Ayala's sentence to the mandatory minimum of 60 months. *Compare United States v. Mullanix,* 99 F.3d 323, 324 (9th Cir.1996) (concluding that a defendant was not entitled to a reduction in his sentence pursuant to Amendment 516 because his original sentence was the statutory minimum term of 60 months), *cert. denied,* —— U.S. ——, 117 S.Ct. 1457, 137 L.Ed.2d 561 (1997).

The district court's legal error is per se an abuse of discretion that requires reversal. *See United States v. Willett,* 90 F.3d 404, 406 (9th Cir.1996) ("A district court by definition abuses its discretion when it makes an error of law.") (quoting *Koon,* —— U.S. at ——, 116 S.Ct. at 2047); *United States v. Rahm,* 993 F.2d 1405, 1410 (9th Cir.1993) ("[A] district court abuses its discretion when it bases its decision on an erroneous view of the law."); *cf. United States v. Udo,* 963 F.2d 1318, 1319 (9th Cir.1992) ("It is undisputed that we must reverse if the district court refused to

---

**2.** Section 1B1.10(a) provides that:

Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

Section 1B1.10(c) lists Amendment 516 among those provisions that may be applied retroactively.

**3.** Under § 3553(f), the court applies the guidelines range rather than the statutory minimum if the court finds that the defendant has no more than one criminal history point, did not use violence or possess a firearm in connection with the offense, did not cause death or serious injury in committing the offense, was not an organizer or leader, was not engaged in a continuing criminal enterprise, and truthfully provided the government with all relevant information concerning the offense.

depart down because it thought it lacked the discretion to do so."). Accordingly, we reverse the district court's denial of Aguilar–Ayala's 18 U.S.C. § 3582 motion and remand for the district court to consider whether Amendment 516 should be applied retroactively to reduce Aguilar–Ayala's sentence.

 We also reject the government's argument that we should affirm because the district court provided sufficient information about how it *would* exercise its discretion in the event that it believed it *could.* We note, as other circuits have, that in determining whether to grant or deny a defendant the benefit of retroactive application, the district court should "set forth adequate reasons" for its conclusion. *United States v. Brown,* 104 F.3d 1254, 1256 (11th Cir.1997). Although the decision on retroactive application is a discretionary one to which we will accord deference, we must be able to assess whether the district court abused its discretion.

Section 3582(c)(2) prescribes no particular analysis, but it does require a sentencing court confronted with an amendment to the Guidelines that applies retroactively to account for "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). For example, the § 3553(a) factors relevant to this case might include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to reflect the seriousness of the offense" and to serve the goals of deterrence and rehabilitation; and "the need to avoid unwarranted sentence disparities among defendants." 18 U.S.C. § 3553(a)(1), (2), (6). No authority "requires a court mechanically to list every consideration of § 3553(a)," but the reviewing court must be satisfied that the district court's decision rests on pertinent considerations. *See United States v. Adams,* 104 F.3d 1028, 1031 (8th Cir.1997) ("What is important is that there is evidence that the court has considered the relevant matters, and that some reason is stated for the court's decision."); *see also Brown,* 104 F.3d at 1256 (finding that the district court "set forth adequate reasons for its refusal" to apply a guideline amendment retroactively because it

"clearly considered" the § 3553 factors); *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir.) (stating that the district court need not make specific findings regarding each of the § 3553(a) elements, but must "consider[ ] the relevant factors" and "state the reasons for its actions"), *cert. denied,* —— U.S. ——, 117 S.Ct. 446, 136 L.Ed.2d 342 (1996).

## CONCLUSION

We conclude that the district court erred in determining that it did not have the discretion to grant Aguilar–Ayala the benefit of Amendment 516 to the Sentencing Guidelines. Accordingly, we reverse and remand to the district court to consider retroactive application.

**REVERSED AND REMANDED.**