133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Antonio DUQUE, Defendant-Appellant.
 No. 97-10079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 MEMORANDUM*
 Federal prisoner Carlos Antonio Duque appeals his life sentence imposed following his post-conviction motion for modification of sentence pursuant to 18 U.S.C. § 3582(c). Duque moved for resentencing when the sentencing guideline range applicable to his cocaine distribution conviction was retroactively amended to change his base offense level from 42 to 38. We have jurisdiction under 28 U.S.C. § 1291, and we vacate Duque's life sentence and remand for resentencing.
 Duque contends that the district court erred by reopening his criminal history category for purposes of resentencing under 18 U.S.C. § 3582(c). We agree.
 We review de novo the district court's interpretation of the Sentencing Guidelines. See United States v. Aquilar-Ayala, 120 F.3d 176, 177 (9th Cir.1997). We review for an abuse of discretion the district court's application of the Sentencing Guidelines to the facts. See id. (reviewing district court's resolution of defendant's section 3582(c)(2) motion).
 Under section 3582(c)(2), a district court may reduce a defendant's term of imprisonment if the sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if such reduction is consistent with the applicable Sentencing Guidelines policy statements. See 18 U.S.C. § 3582(c)(2) (1985 & Supp.1997); Aguilar-Avala, 120 F.3d at 178. In this case, the district court had the discretion to modify Duque's sentence because the Sentencing Commission explicitly authorized retroactive application of Amendment 505. See U.S.S.G. § 1B1.10(a), (c) (1995); 18 U.S.C. § 3582(c)(2). After a hearing, the district court correctly lowered Duque's offense level to reflect the requisite adjustments, but reimposed a life sentence after readjusting Duque's criminal history category from I to II to reflect a recent and previously unaccounted for state court sentence.
 The district court should not have readjusted Duque's criminal history category. "In determining the amended guideline range, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." U.S.S.G. § 1B1.10, comment. (n.2); cf. United States v. Stockdale, No. 96-30199, slip op. 13971, 13977 (9th Cir. Nov. 20, 1997) (concluding that resentencing following retroactive amendment of Sentencing Guidelines is limited to application of the listed amendment, leaving "all other guidelines application decisions unchanged as directed in application note 2") (internal quotations omitted) The district court was required to consider the applicability of the new guideline in the context of the circumstances in existence at the time Duque's sentence was originally imposed. See U.S.S.G. § 1B1.10(b), comment. (n.2). At that time, Duque's applicable criminal history category was I. Accordingly, we vacate Duque's sentence and remand to the district court for resentencing. See U.S.S.G. § 1B1.10(b), comment. (n.2).
 VACATED and REMANDED.
 
 
 1
 See also United States v. Cothran, 106 F.3d 1560, 1562-63 (11th Cir.1997) (holding that resentencing under section 3582(c)(2) does not "contemplate a full de novo resentencing") (Senior Ninth Circuit Judge Jerome Farris sitting by designation, concurring in judgment); United States v. Adams, 104 F.3d 1028, 1030-31 (8th Cir.1997) (holding that U.S.S.G. § 1B1.10(b) requires "the district court to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively").
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3