**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CLARENCE EDWARD CODY,

    Defendant-Appellant.

No. 98-7026
(D.C. No. 91-CR-54-C)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Submitted on the briefs:[**]

Before **BRORBY, BARRETT**, and **EBEL**, Circuit Judges.

Defendant-Appellant Clarence Edward Cody challenges the district court's calculation of his sentence on federal drug charges, arguing that the court erred in failing to use the Sentencing Guidelines in effect at the time of his February 1998 resentencing. We reverse and remand.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

## BACKGROUND

In 1991, a jury convicted Clarence Edward Cody on six felony counts, including one count of conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846; two counts of manufacturing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); two counts of maintaining a place for the purpose of manufacturing marijuana, in violation of 21 U.S.C. § 856(a)(1); and one count of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Cody was sentenced to 120 months' imprisonment on the first five counts, and an additional 60 months' imprisonment on the firearms count.

This court affirmed his convictions and sentence on five of the six counts. See United States v. Cody, 7 F.3d 1523 (10th Cir. 1993) (remanding with instructions to vacate conviction and sentence on duplicative count under 21 U.S.C. § 856(a)(1)).

In June 1996, Cody filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, contesting several sentencing guideline determinations and challenging his 18 U.S.C. § 924(c) firearms conviction in light of Bailey v. United States, 516 U.S. 137 (1995).[1] The district court rejected all of

_____

This was Cody's second § 2255 motion. His first § 2255 motion, filed in 1995, attacked certain jury instructions. The motion was denied by the district
(continued...)

Cody's claims except the <u>Bailey</u> challenge.  Finding that the jury instructions on this count were legally erroneous under <u>Bailey</u>, the court vacated the § 924(c) firearms conviction, but allowed the government 90 days to decide whether to retry Cody on this count.  During that period, Cody appealed the district court's denial of the remaining arguments of his § 2255 motion.  In March 1997, this court denied Cody's application for a certificate of appealability and dismissed his appeal. <u>See</u> <u>United States v. Cody</u>, 108 F.3d 1388 (10th Cir. 1997) (unpublished order).

In July 1997, the government filed its decision not to retry Cody on the firearms count, but argued to the district court that the vacatur of the § 924(c) conviction removed any impediment to imposing a firearms sentencing enhancement under U.S.S.G. § 2D1.1(b)(1).  <u>See</u> <u>United States v. Mendoza</u>, 118 F.3d 707, 710 (10th Cir.), <u>cert. denied</u>, 118 S. Ct. 393 (1997).

The district court ordered an amended presentence report and had the matter set for resentencing.  Cody objected to a two-level firearms enhancement listed in the amended presentence report, but following an evidentiary hearing on February 17, 1998, the court overruled Cody's objection and resentenced him to a term of 151 months.

_____

(...continued)
court, and this court affirmed. <u>See</u> <u>United States v. Cody</u>, 83 F.3d 434 (10th Cir. 1996) (unpublished order).

On appeal, Cody challenges the district court's use of the 1990 Guidelines in determining his sentencing range. He contends that Amendment 516 to the Guidelines, which changed the calculation of the weight of marijuana plants, was in effect at the time of his 1998 resentencing, and should have reduced his sentencing range from 151-188 months to 78-97 months. Cody concedes that the district court could not have sentenced him below an applicable 120-month statutory minimum, but nonetheless challenges the additional 31 months to which he was sentenced as a result of the district court's use of the 1990 Guidelines (i.e., 151 months vs. 120 months).

The government agrees that the case should be remanded to the district court, but apparently assumes that Cody is seeking retroactive application of Amendment 516, and therefore argues that the district court's application of the amendment would be discretionary.

**DISCUSSION**

Cody's counsel did not object to the court's use of the 1990 Guidelines at the time of his resentencing. Therefore, the challenged Guideline interpretation is reviewed only for plain error. See United States v. Nelson, 36 F.3d 1001, 1003 (10th Cir. 1994). We have held that a sentence based on the wrong Guideline range is plain error within the meaning of Fed. R. Crim. P. 52(b). See United

States v. Farnsworth, 92 F.3d 1001, 1008 (10th Cir.), cert. denied, 117 S. Ct. 596 (1996).

Cody's relevant conduct included the possession of 1,048 marijuana plants and 4 ½ pounds of processed marijuana. Under the 1990 Guidelines, each marijuana plant was attributed a weight of 1 kilogram if the offense involved 50 or more plants. See U.S.S.G. § 2D1.1(c), Note to Drug Quantity Table ("In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1KG of marihuana . . . ."). Under the 1990 Guidelines then, the total quantity of the marijuana attributable to Cody was approximately 1,050 kilograms, for a base offense level of 32. See U.S.S.G. § 2D1.1(c) (Drug Quantity Table). Cody received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm, resulting in a total offense level of 34. Given a criminal history category of I, Cody's sentencing range under the 1990 Guidelines was 151-188 months.

On November 1, 1995, the Sentencing Commission adopted Amendment 516. Under Amendment 516, the presumptive weight of each marijuana plant is now 100 grams per plant, regardless of the total number of plants involved. See U.S.S.G. § 2D1.1, Note (E) to Drug Quantity Table ("In the case of an offense involving marihuana plants, treat each plant, regardless of sex, as equivalent to 100 G of marihuana."). Had the district court used the 1998 Guidelines (as

modified by Amendment 516), the total quantity of marijuana attributable to Cody would have been only 106.85 kilograms, for a base offense level of 26. Adding the two-level firearms enhancement under § 2D1.1(b)(1), his total offense level would have been 28, resulting in a sentencing range of 78-97 months.

Cody concedes that, because the total number of plants at issue exceeded 1000, he is subject to a statutory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(vii). He therefore only challenges the additional 31 months imposed by the district court under the 1990 Guidelines.

The government concedes that Cody is entitled to have his sentenced reviewed in light of Amendment 516, but asserts that the district court's application of the amendment would be discretionary, citing, inter alia, United States v. Aguilar-Ayala, 120 F.3d 176, 178 (9th Cir. 1997); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Campbell, No. 95-2464, 1996 WL 102443 (8th Cir. Mar. 11, 1996) (unpublished disposition). However, the cases cited by the government involved prisoners who sought retroactive application of Amendment 516 pursuant to 18 U.S.C. § 3582(c)(2), a statute that authorizes a court to modify a sentence in light of subsequent reductions in the applicable sentencing range. Cody's claim is not based on § 3582(c)(2). Because Amendment 516 was in effect at the time Cody was

resentenced in 1998, this case does not call for retroactive application of Amendment 516.

It is quite clear that a court must use the Guidelines in effect on the date a defendant is sentenced. See 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11(a). Likewise, when a district court vacates a sentence and resentences a defendant, as in this case, the court must follow the guidelines in effect at the time of resentencing, subject to the ex post facto clause. See United States v. Easterling, 157 F.3d 1220, 1225 (10th Cir. 1998). Therefore, Cody's 1998 sentence should have been calculated in accordance with the 1998 Guidelines as modified by Amendment 516. The district court's use of the 1990 Guidelines was plain error.

## CONCLUSION

We REVERSE the sentence of the district court and REMAND with instructions that the district court vacate Cody's sentence and resentence him under the current Guidelines.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge