**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sameena R. ALI, aka Sameena Ikbal,**
**Defendant–Appellant.**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

United States of America,
Plaintiff–Appellee,

v.

Mirza Ali, aka Zulfiqar Eqbal, aka Henry Stone, Defendant–Appellant.

No. 00–10165.
D.C. No. CR 99–40002 CW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided Oct. 2, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM *

Sameena Ali appeals her conviction on one count of conspiracy to make false statements to various government agencies, in violation of 18 U.S.C. §§ 371 and 1001, and on five counts of making false statements to a government agency, in violation of 18 U.S.C. § 1001. Mirza Ali appeals his conviction on one count of conspiracy to make false statements and three counts of making false statements to a government agency. The defendants were tried jointly in district court and their appeals have been consolidated. Because the parties are familiar with the facts of this case, we will not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### 1. *Prosecutorial Misconduct*

Appellants contend that the prosecutor purposefully elicited testimony that previously had been excluded as privileged and then referred to the excluded and stricken evidence during closing argument.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

We review for an abuse of discretion a district court's rulings on objections to alleged prosecutorial misconduct. *United States v. Sarkisian*, 197 F.3d 966, 988 (9th Cir.1999). Where counsel objected to the acts of alleged prosecutorial misconduct at trial, we review for harmless error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000).

With respect to the prosecutor's questioning of the witness, we find that no misconduct occurred. The prosecutor did nothing to elicit privileged testimony or to prompt the witness's response. *See Sarkisian*, 197 F.3d at 988; *United States v. Christophe*, 833 F.2d 1296, 1301 (9th Cir. 1987). With respect to the prosecutor's comment during closing argument, we believe the "misstatement has earmarks of inadvertent mistake, not misconduct." *United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir.1994). Even assuming that there was misconduct, it was harmless. The alleged misconduct consisted of only one brief, passing reference to excluded testimony and the court immediately provided a curative instruction. The remark, "followed by the court's instruction, did not materially affect the fairness of the trial." *United States v. Sayakhom*, 186 F.3d 928, 946 (9th Cir.1999).

### 2. *Vagueness of Federal Acquisition Regulations ("FAR"s)*

 Appellants contend that their due process rights were violated because FAR § 9.409(a) and § 52.209–5(a)(2), codified at 48 C.F.R. §§ 9.409(a) and 52.209–5(a)(2), are unconstitutionally vague. Whether a regulation is unconstitutionally vague is a question of law subject to de novo review. *United States v. Albers*, 226 F.3d 989, 993 (9th Cir.2000). Here, however, such a vagueness challenge is inappropriate because the regulations in question proscribe no conduct and were not enforced against the defendants; rather, the defendants were charged under 18

U.S.C. § 1001 for false statements made to the government in connection with the certification submitted pursuant to the regulations. As such, a constitutional vagueness challenge to the regulations themselves is inapposite. *See, e.g., Bryson v. United States*, 396 U.S. 64, 67–69, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969) (rejecting vagueness challenge to underlying statutory provision in the context of a false statement prosecution); *United States v. Harris*, 185 F.3d 999, 1004 (9th Cir.1999) (rejecting vagueness challenge by defendant charged with making false statements on ERISA documents "because ... it was clear what he should do: truthfully fill out the ERISA form according to the instructions").

### 3. *Sufficiency of the Evidence*

Appellants contend that there is insufficient evidence to establish beyond a reasonable doubt that they "knowingly and willfully" made false statements in the certification because the term "principal," as defined in the FARs, was ambiguous. The evidence was sufficient if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The operative definition of the term describes "persons having primary management or supervisory responsibilities within a business entity." 48 C.F.R. § 52.209–5(a)(2). We believe the definition is sufficiently clear for a rational trier of fact to find that the defendants knowingly and willfully made the false statements.

### 4. *Exclusion of Notice Evidence*

 Appellants contend that the district court erred by excluding evidence that Mirza Ali notified the government of his debarred status. Evidentiary rulings

made during trial are reviewed for abuse of discretion. *United States v. Hankey,* 203 F.3d 1160, 1166 (9th Cir.2000). Because the relevant issue was the identity of the debarred individual, not his debarred status, such evidence was irrelevant and thus its exclusion was not an abuse of discretion.

### 5. Discovery on Selective/Vindictive Prosecution

■■ Appellants contend that the district court erred in denying their motion for discovery regarding allegations of selective or vindictive prosecution. We review a court's decision on whether to grant discovery related to a selective prosecution claim for abuse of discretion. *United States v. Candia–Veleta,* 104 F.3d 243, 246 (9th Cir.1996). The standard of review for a claim of vindictive prosecution has not been settled. *See United States v. Gamez–Orduno,* 235 F.3d 453, 462 n. 9 (9th Cir.2000) (recognizing but not deciding the open question as to whether de novo, clear error, or abuse of discretion review is appropriate).

■ The district court did not abuse its discretion when it denied the motion for discovery with regard to the claim of alleged selective prosecution because there was no showing of "discriminatory effect" or "discriminatory purpose." *Candia–Veleta,* 104 F.3d at 246. With respect to the allegation of vindictive prosecution, "a criminal defendant may be entitled to discovery if he or she establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense." *United States v. One 1985 Mercedes,* 917 F.2d 415, 421 (9th Cir.1990). In order to establish a prima facie case, a defendant "must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *United States v. Edmonds,* 103 F.3d 822, 826 (9th Cir.1996) (quoting *United States v. Montoya,* 45 F.3d 1286, 1299 (9th Cir.1995)) (internal quotation marks omitted).

The only facts alleged to support the vindictive prosecution claim here were that Mirza Ali was offered a plea that included a provision requiring dismissal of the pending civil suits challenging the debarments and that he was indicted shortly after the debarments were reversed on appeal. We have held that "the mere filing of an indictment can support a charge of vindictive prosecution." *United States v. Hooton,* 662 F.2d 628, 634 (9th Cir.1981). However, "the link of vindictiveness cannot be inferred simply because the prosecutor's actions followed the exercise of a right, or because they would not have been taken but for exercise of a defense right." *United States v. Gallegos–Curiel,* 681 F.2d 1164, 1168 (9th Cir.1982). In other words, "[a] sequence of events is not enough; the likelihood of retaliation is crucial." *Id.* at 1171. There was nothing to suggest that indictments were brought here in retaliation for the civil appeal; in fact, the criminal investigation had begun months before the plea offer was broached or the civil appeal decided. Under any applicable standard of review, there was no error in denying discovery for a claim of vindictive prosecution.

### 6. Entrapment Instruction

■ Appellants contend that the district court erred by denying an entrapment instruction because some false statements were made in response to a request for information by government officials after the decision had already been made to cancel the relevant procurement. The standard of review for the court's decision not to provide the jury with a requested entrapment instruction is unsettled. *See United States v. Becerra,* 992 F.2d 960, 963 (9th Cir.1993). We need not address

whether de novo or abuse of discretion review is required here, however, because under either standard the court's denial of an entrapment instruction was not error. "A defendant is entitled to an entrapment instruction if he or she can present some evidence that (1) a government agent induced him or her to commit an illegal act that (2) he or she was not predisposed to commit." *United States v. Sotelo–Murillo,* 887 F.2d 176, 179 (9th Cir.1989). Because the defendants presented no evidence to raise an issue of fact regarding inducement to commit an *illegal* act, and the relevant evidence actually suggests predisposition, an entrapment instruction was properly denied. *Cf. United States v. Marbella,* 73 F.3d 1508, 1512–13 (9th Cir.1996) (finding entrapment instruction unwarranted where "there is no evidence the agents suggested to [defendants] that they should submit the fraudulent medical bills to the insurers" and "agents did not pressure [them] and did not attempt to persuade them to engage in the fraudulent activity").

 For the foregoing reasons, the convictions of Sameena Ali and Mirza Ali on the conspiracy count and on the individual counts of making false statements to a government agency are affirmed. In appeal No. 00–10217, however, we vacate Mirza Ali's sentence and remand for resentencing. Mirza Ali was sentenced in a single, "consolidated" sentencing judgment in this case and in the companion case, No. 00–10216, in which we have reversed his conviction. Because his aggregate sentence was a "package," *United States v. Handa,* 122 F.3d 690, 691–92 (9th Cir. 1997), we remand for resentencing on the counts of conviction in this case.

Convictions **AFFIRMED**. Sentence in No. 00–10217 **VACATED and REMANDED** for resentencing.