**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Benjamin BARAJAS–BARAJAS,
Defendant—Appellant.**

**No. 02–10029.**

**D.C. No. CR–01–00213–PJH.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 22, 2002.

Before B. FLETCHER, RICHARD S. ARNOLD * and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Benjamin Barajas–Barajas appeals the district court's denial of discovery on his claim of selective

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prosecution in violation of the equal protection clause of the Fourteenth Amendment. Barajas–Barajas pleaded guilty conditionally to one count of being in the United States following deportation without the permission of the Attorney General in violation of 8 U.S.C. § 1326. He contends that similarly situated female aliens and non-Hispanic male aliens are not prosecuted in proportionate numbers to Hispanic males. We review the district court's denial of discovery for abuse of discretion, *United States v. Candia–Veleta*, 104 F.3d 243, 246 (9th Cir.1996), and we affirm the district court.

Because the parties are familiar with the facts, we will not discuss them here except to note that the essence of the evidence that Barajas–Barajas presented indicates that Hispanic males are selected for interviews by the INS from California prisons and prosecuted under § 1326 in the Northern District of California at a disproportionately high rate as compared to other aliens. He has also asked us to infer the existence of non-Hispanic and Hispanic female aliens who are not prosecuted under § 1326. Even crediting Barajas–Barajas' evidence, we find that he has not met the threshold showing required for discovery under *United States v. Armstrong*, 517 U.S. 456, 468, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

In order to obtain discovery when alleging selective prosecution, a defendant must adduce some evidence that tends to show both discriminatory effect and discriminatory intent. *Id.* at 465, 116 S.Ct. 1480. Barajas–Barajas has done neither. The fact that almost all of the individuals selected for interviews and prosecution under § 1326 in the Northern District are Hispanic men and the fact that there is some, unspecified number of non-Hispanic

and female Hispanic aliens who are eligible, but are not prosecuted, does not show either a discriminatory effect or a discriminatory intent. Such evidence is consistent with the non-discriminatory exercise of prosecutorial discretion, and, under *Armstrong*, reaches no threshold showing that the Constitution is being violated.

Accordingly, we find that the district court did not abuse its discretion in denying discovery in this case.

*AFFIRMED.*