UNITED STATES of America,
Plaintiff—Appellee,

v.

Alfredo GASPAR–LUPERCIO, aka Alfredo Lupercio Gaspar, Alfredo Gaspar, Alfredo Lopez–Martinez, Defendant—Appellant.

No. 02–10272.

D.C. No. CR–01–00207–MJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Alfredo Gaspar–Lupercio appeals the district court's denial of discovery on his claim of selective prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *United States v. Candia–Veleta*, 104 F.3d 243, 246 (9th Cir.1996), and we affirm.

Gaspar–Lupercio contends that the district court abused its discretion by denying his motion to compel discovery on his claim that Hispanic males have been disproportionately targeted for Section 1326 prosecution. We disagree. Because Gaspar–Lupercio failed to present sufficient

evidence that similarly situated non-Hispanic aliens were not prosecuted for illegal reentry, he has not made the threshold showing required to obtain discovery. *See United States v. Armstrong*, 517 U.S. 456, 468–69, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (requiring some evidence that the defendant was singled out for prosecution while similarly situated others were not); *United States v. Turner*, 104 F.3d 1180, 1184–85 (9th Cir.1997) (noting that a defendant cannot establish a discriminatory effect by presenting evidence that a law was enforced exclusively against a particular ethnic group).

We reject Gaspar–Lupercio's contention that the district court erred by imposing an "insuperable" burden on him to establish a similarly situated comparison group. *See Armstrong*, 517 U.S. at 470.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.