**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John MARTINEZ, Defendant— Appellant.**

**No. 02–50628.**

**DC No. CR 99–1005 WDK.**

United States Court of Appeals, Ninth Circuit.

---

Submitted June 7, 2004.*

Decided July 2, 2004.

Ronald L. Cheng, Esq., Lawrence Ng, Esq., Stephanie K. Yonekura, Esq., Stephanie Y. McCaffrey, Office of the U.S.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2)(C).

Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Joseph Shemaria, Esq., Law Office of Joseph Shemaria, Los Angeles, CA, for Defendant–Appellant.

Appeal from the United States District Court for the Central District of California, William D. Keller, District Judge, Presiding.

Before T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM**

Defendant John Martinez was convicted of conspiracy to steal mail and theft of mail by a postal employee. He appeals his convictions on the grounds that (1) the government withheld *Brady* material,[1] (2) the district court erred when it failed to sustain his relevance objection, and (3) the district court erred in denying his requests for discovery on his selective prosecution and vindictive prosecution claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[2]

■ Martinez first argues that the government withheld *Brady* material consisting of a postal inspector's notes related to the investigation of another suspect. We review a challenge to a conviction on *Brady* grounds *de novo*. *United States v. Alvarez*, 86 F.3d 901, 903 (9th Cir.1996). There are three components of a *Brady* violation. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). First, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is

impeaching." Second, the evidence "must have been suppressed by the [government], either willfully or inadvertently." And third, "prejudice must have ensued." *Id.* We need not address whether the withheld evidence in this case was exculpatory or whether it was suppressed because we conclude that Martinez has not shown prejudice. Even if the government's withholding of the notes in Martinez's first trial was a reversible *Brady* error, the only remedy to which he would have been entitled was a retrial in which the notes were fully disclosed. *See United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir.2004). Martinez obtained precisely that relief when he was retried and given access to the withheld notes well in advance of his second trial. *See United States v. McKoy*, 78 F.3d 446, 452 (9th Cir.1996) (holding that the government's failure to disclose impeachment material pursuant to the Jencks Act in a defendant's first trial did not prejudice him because the material was available to the defendant at retrial). Thus, the argument fails.

■ Martinez next argues that the district court abused its discretion when it failed to rule on his relevance objection. We agree that the district court's failure to rule on the objection, apparently due to a misunderstanding as to the grounds upon which it was made, was an abuse of discretion. Nonetheless, we conclude that the error does not require reversal because Martinez failed to show that it "more likely than not affected the verdict." *See United States v. Hankey*, 203 F.3d 1160, 1166 (9th Cir.2000) (quoting *United States v. Ra-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

1. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

2. Because the parties are familiar with the facts of this case, we do not recite them except as necessary to aid in understanding this disposition.

*mirez,* 176 F.3d 1179, 1182 (9th Cir.1999)).[3] Even if the postal inspector's testimony initially suggested to the jury that Martinez was the target of the FBI investigation, that suggestion was immediately dispelled when he identified Tien Dac Tran as the employee under investigation. Furthermore, the testimony was at least arguably relevant to show how the inspector came to focus on the Santa Clarita facility. *See United States v. Newman,* 6 F.3d 623, 629 (9th Cir.1993) (holding that evidence that defendant was under surveillance by the Forest Service prior to the time he committed arson was relevant to show "how the agents were able to observe [his] actions").

■ Finally, the district court did not err in denying Martinez's discovery requests. As to the vindictive prosecution claim, we conclude that the district court applied the correct legal standard when it required Martinez to produce "some evidence tending to show the existence of the essential elements of [the] particular claim." *See United States v. One 1985 Mercedes,* 917 F.2d 415, 421 (9th Cir.1990) (holding that a defendant seeking discovery on a vindictive prosecution claim must make "a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense").[4] Because Martinez did not

produce "some evidence" of vindictiveness, the district court did not abuse its discretion in denying discovery on this claim.

■ As to the selective prosecution claim, we conclude that the district court did not abuse its discretion in denying discovery. *See United States v. Candia–Veleta,* 104 F.3d 243, 246 (9th Cir.1996) (holding that denial of discovery on a selective prosecution claim is reviewed for abuse of discretion). In order to obtain discovery on his selective prosecution claim, Martinez had to show "some evidence" that similarly situated persons were not prosecuted. *See United States v. Armstrong,* 517 U.S. 456, 469, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Martinez argues that he met that standard when he established that his supervisor, who was also charged with mail theft, was not prosecuted. But the Assistant United States Attorney represented to the court that the government chose to prosecute Martinez, rather than his supervisor, because Martinez's fingerprints were found on stolen envelopes, whereas his supervisor's were not. The district court found the prosecutor's representation to be credible, and we defer to that finding because it was not clearly erroneous. *See United States v. Hanley,* 190 F.3d 1017, 1031 (9th Cir.1999). We also take note, as the trial court did, of the fact that other participants in the

---

3. Martinez's objections to the testimony on the grounds of prejudice, *see* Fed.R.Evid. 403, and that it called for speculation, *see* Fed. R.Evid. 602—neither of which was raised at trial—must similarly fail.

4. The standard of appellate review that applies to the denial of discovery on a vindictive prosecution claim is unclear. *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1217 (9th Cir.2001). Both parties urge us to apply an "abuse of discretion" standard. In this case, however, Martinez argues that the district court committed a purely legal error by applying the wrong standard. Therefore,

we review the district court's decision *de novo. See United States v. Wilson,* 262 F.3d 305, 316 (4th Cir.2001) ("We review the district court's orders for discovery and establishing a presumption of vindictive prosecution *de novo* because we are determining the legal adequacy of the evidence to support such orders."). Whether we review the decision *de novo* or for abuse of discretion makes no difference in this case, because a district court abuses its discretion *per se* insofar as it misinterprets or misapplies the law. *See United States v. Aguilar–Ayala,* 120 F.3d 176, 178 (9th Cir.1997).

scheme, such as Martinez's accomplice Tien Dac Tran, were prosecuted. Thus, the district court did not err in finding that Martinez and his supervisor were not "similarly situated." *See Armstrong,* 517 U.S. at 469, 116 S.Ct. 1480.

For the foregoing reasons, the judgment of conviction is AFFIRMED.