MEMORANDUM **
Sameena Ikbal seeks a writ of coram nobis, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), arguing that her conviction was secured in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court denied Ms. Ikbal’s petition, and she timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
*606 On January 7, 1999, Ms. Ikbal and her husband, Mirza Ali, were indicted for conspiracy and multiple counts of making false statements to the United States Navy, the United States Air Force, the United States Army, the Defense Commissary Agency, and the Small Business Administration in connection with bidding and performing on federal contracts awarded to their company Sameena, Inc., also called Samtech Research, in violation of 18 U.S.C. §§ 371 and 1001. Their convictions were affirmed on direct appeal. See United States v. Ali, 27 Fed.Appx. 728 (9th Cir.2001) (unpublished memorandum disposition).
On July 18, 2005, Ms. Ikbal collaterally attacked her conviction and sentence, seeking a writ of coram nobis, rather than habeas relief, because she was no longer in federal custody. She claimed that the government, in violation of Brady, suppressed a January 27, 1994, letter to the Department of Energy (“DOE”) in which defendants told DOE that Mirza Ali was debarred and that he was the same person as Zulfiqar Eqbal. Ms. Ikbal asserted that this letter showed that the government was on notice that Mr. Ali and Mr. Eqbal were the same person, and that Mr. Ali was debarred, thus tending to disprove the charge that she lied to the government about her husband’s identity.
To qualify for coram nobis relief, four requirements must be satisfied: “(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.” United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir.2007) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987)). The district court denied Ms. Ikbal’s co-ram nobis petition, and we review that disposition de novo, id. at 1005, though we review any factual findings made in the course of that disposition for clear error. United States v. Span, 75 F.3d 1383, 1386 (9th Cir.1996). With these standards in mind, we hold that Ms. Ikbal’s petition fails on both the second and fourth elements.
With respect to the second, Ms. Ikbal has failed to demonstrate that valid reasons existed for not attacking her conviction earlier. Ms. Ikbal contends that she did not discover the existence of the letter until July 19, 2004. In fact, however, Ms. Ikbal knew of the letter and had access to it at all relevant times — during her trial, direct appeal and the period in which she could have sought traditional collateral relief via habeas corpus. Ms. Ikbal’s husband, Mr. Ali, wrote the letter and provided a copy to one of the couple’s attorneys, who retained it in his files. Ms. Ikbal claims that she forgot that her attorney retained a copy, and was reminded of the fact only on July 19, 2004, when her attorney returned various papers to her. But none of this negates the fact that Ms. Ikbal knew of the letter and had access to it for years before filing her writ. And even after being reminded of the letter on July 19, 2004, Ms. Ikbal waited nearly a year, until July 18, 2005, before taking action to seek relief. A writ of coram nobis “is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable,” Riedl, 496 F.3d at 1005, and only where the petitioner has “exercis[ed] due diligence” in bringing her concern promptly to the attention of the courts. Id. at 1007 (citing Klein v. United States, 880 F.2d 250, 254 (10th Cir.1989)). That simply is not what occurred here.
With respect to the fourth element, the government surely has a duty *607 under Brady to disclose material exculpatory evidence in its possession. But it is equally settled that the government has no duty to produce information that it does not possess. United States v. Chen, 754 F.2d 817, 824 (9th Cir.1985). The district court found no evidence that DOE possessed the letter in question at the time of the Ikbals’ discovery requests, though it did find and produce substantial other materials responsive to those requests. Ms. Ikbal has not persuaded us, as she must, that the district court’s factual finding is clearly erroneous. Neither can she show suppression as a matter of law where, as here, she had access to the letter throughout her criminal proceedings. See United States v. Dupuy, 760 F.2d 1492, 1502 n. 5 (9th Cir.1985) (where defendants had within their knowledge information subject to a Brady claim, there is no suppression by the government).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.