No. 96-1442

United States of America,        *
                                *

     Appellee,               *
                                *   Appeal from the United States
       v.      *     District Court for the Eastern
                                *   District of Missouri.
Charles W. Adams,          *
                                *

     Appellant.             *

Submitted:  November 19, 1996

Filed:  January 15, 1997

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MORRIS
    SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Charles W. Adams appeals the denial of a motion made pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence because of an amendment to the federal sentencing guidelines applicable to his case. We reverse and remand for resentencing.

I.

When federal drug enforcement agents entered property that Mr. Adams owned with his wife, they discovered one hundred and ten marijuana plants growing there. A seven-count indictment against Mr. Adams, his wife, and his son for the manufacture and possession of marijuana resulted. This indictment was subsequently dismissed, in accordance with the terms of a plea agreement, and the government filed informations charging Mr. Adams with the manufacture of seventy-three plants and his son with the

manufacture of thirty-seven plants.  Charges against Mrs. Adams were dismissed.

The plea agreement recited that the parties had stipulated "that the number of marijuana plants manufactured (cultivated) in this case, that are readily provable by the government as attributable to this defendant, Charles W. Adams, were seventy-three (73) marijuana plants."  The agreement, however, acknowledged, as it had to, that "the sentencing judge is neither a party to nor bound by this agreement and is free to impose a sentence up to the maximum penalties as set forth elsewhere in the agreement."  This is in accordance with U.S.S.G. § 6B1.4(a) and § 6B1.4(d), which provide, respectively, that while "[a] plea agreement may be accompanied by a written stipulation of facts relevant to sentencing," nevertheless "[t]he court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing."  The presentence report, however, stated simply that "pursuant to the plea agreement in this case, [the defendant] is accountable for 73 ... plants," and the district court sentenced Mr. Adams on that basis.  Therefore, though the district court made no explicit finding of the number of marijuana plants in fixing a sentence for the defendant, it implicitly adopted the number to which the parties had stipulated.  The court sentenced Mr. Adams to 30 months in prison, the minimum term in the range prescribed by the sentencing guidelines at the time.

Subsequent to Mr. Adams's sentencing, amendment 516 to § 2D1.1(c) of the sentencing guidelines was passed.  This amendment, which is made retroactive by virtue of U.S.S.G. § 1B1.10(c), and which gives a court the authority to modify a sentence under 18 U.S.C. § 3582(c)(2), see U.S.S.G. § 1B1.10(a), changed the weight equivalence of a marijuana plant for sentencing purposes from one kilogram to one hundred grams.  Mr. Adams filed

two motions urging the court to reconsider his sentence in light of the amendment. The court, asserting in part that "[h]ad the defendant been held accountable for the entire 110 marijuana plants, the statutorily required minimum term of imprisonment would have been five years," denied both motions.

## II.

Mr. Adams's appeal appears to us to reduce to an argument that the district court considered some things that it should not have and did not consider other things that it should have, when it denied his motion to have his sentence reduced. We find no merit in the second proposition, but find sufficient merit in the first to remand for resentencing.

## A.

We start with the question of what part the one hundred and ten plants played in the court's decision to deny Mr. Adams's motion. Mr. Adams believes that in deciding whether to apply the relevant amendment retroactively, the district court revisited its earlier determination that he was responsible for only seventy-three plants. Mr. Adams believes that this was error for a number of reasons, but before we consider them, we are obliged to determine whether the district court did indeed regard the deal that Mr. Adams had made with the government with respect to the number of plants relevant to the matter of resentencing.

While the matter is not entirely free from doubt, we believe that Mr. Adams is correct in concluding that the district court weighed the fact that the charges against him had been reduced in determining whether to apply the amended sentencing guideline to him. The court stated that "[h]ad the defendant been held accountable for the entire one hundred ten marijuana plants, the statutorily required minimum term of imprisonment would have been five years pursuant to 21 U.S.C. § 841(b)(1)(B)." The court then

observed that as "a result of the plea agreement, no minimum term resulted and the guideline imprisonment range was reduced." The court also stated that Mr. Adams "received adequate consideration in his plea bargaining which the court approved." It seems apparent to us that the court was indicating that Mr. Adams might well in fact have been responsible for more than seventy-three plants and that he had gotten a break when the charges were reduced.

Mr. Adams maintains that this was error, first of all, because revisiting its earlier determination of the amount of marijuana that he was manufacturing runs afoul of the sentencing guidelines' injunction that in deciding whether to apply an amendment retroactively the district court "shall substitute only the amendment[] ... for the corresponding guideline provision[] that [was] applied when the defendant was sentenced," leaving "[a]ll other guideline application decisions ... unaffected." See U.S.S.G. § 1B1.10, application note 2. Mr. Adams argues that these provisions have reference, in part, to previous factual decisions by the district court relevant to sentencing, and thus that these provisions prohibit the district court from reconsidering those factual decisions. We reject this contention. We think it plain that the application note merely states what is in any case necessarily so -- that any provision of the guidelines that is not amended remains the same. In other words, the application note is saying that all other applicable guidelines remain unaffected by the amendments. The reference is to decisions with respect to what other guidelines are applicable and to their meaning, not to prior factual findings.

We do, however, believe for other reasons that the district court was bound by its previous determination with respect to the number of marijuana plants that was relevant to Mr. Adams's sentence. In the first place, although the finding is perhaps not

technically <u>res</u> <u>judicata</u>, it is unusual, for efficiency reasons if no other, for trial courts to revisit factual findings. In the second place, the district court had already made a finding that the seventy-three plants for which Mr. Adams was going to be held responsible "adequately reflect[ed] the seriousness of the actual offense behavior," else the court could not have approved the reduction in the charges against Mr. Adams at all. <u>See</u> U.S.S.G. § 6B1.2(a). In the third place, the sentencing guidelines direct a district court in situations like the present one to "consider the sentence that it would have imposed had the amendment[] ... been in effect" at the time of the original sentencing. <u>See</u> U.S.S.G. § 1B1.10(b). We think it implicit in this directive that the district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively.

We therefore conclude that the court erred in taking into account the possibility that Mr. Adams was in fact responsible for more than seventy-three plants when deciding whether to reduce his sentence.

B.

Mr. Adams also contends that the district court erred by neglecting to consider certain matters that the statutes required it to consider. Specifically, he points to language in 18 U.S.C. § 3582(c)(2), <u>see</u> <u>also</u> U.S.S.G. § 1B1.10, background, which provides that courts may reduce a sentence pursuant to a retroactive amendment "after considering the factors set forth in section 3553(a) to the extent they are applicable." That section, of course, comprises the considerations a court must weigh in the original act of sentencing. <u>See</u> 18 U.S.C. § 3553(a).

We know of no authority that requires a court mechanically to list every consideration of § 3553(a) when it sentences a defendant

in the first instance.  What is important is that there is evidence that the court has considered the relevant matters, and that some reason is stated for the court's decision.  <u>See</u> *United States v. McCarthy*, 97 F.3rd 1562, 1577 (8th Cir. 1996) (court is required to state reasons, but not to examine each factor listed in guidelines, or to explain what weight it gives to each, when departing downward from the sentencing range).

This case involves not a sentencing in the first instance, but a decision by the court whether to resentence.  We think that the requirements imposed on a court to explain itself in this context could hardly be more rigorous than those applicable to an original sentencing. The law asks a court to consider the factors of § 3553(a) "to the extent ... applicable."  We are satisfied that the court in this case, by mentioning several considerations that are found in § 3553(a), was aware of the entire contents of the relevant statute.  That the court in this case did not mention the specific considerations that Mr. Adams feels were particularly relevant to his case is not evidence that the court was not aware of those considerations.  Nor was it a reversible error.  On remand, we would simply direct the court's attention to the considerations listed in § 3553(a), and remind it of its duty to weigh them in reaching its decision.

### III.

We therefore remand this case for resentencing in accordance with the views contained in this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-