IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60326
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHESTER DAVID EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:93cr008-B)
_____

August 06, 1998

Before KING, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Chester David Edwards appeals the
district court's order denying his motion for a reduction of his
sentence pursuant to 18 U.S.C. § 3582(c). We vacate the order
and remand the case.

## I. BACKGROUND

Defendant-appellant Chester David Edwards was convicted
after a jury trial on two counts of witness intimidation in

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

relation to a federal probe into Edwards's marijuana possession and distribution.  After the trial but before sentencing, Edwards also pleaded guilty to possession with intent to distribute marijuana, a lesser-included offense on one count of a superseding indictment.  The remaining counts of the superseding indictment were dismissed.

Applying the Sentencing Guidelines in effect at the time, the district court treated each of the 388 marijuana plants involved in Edwards's offense as equivalent to one kilogram of marijuana.  See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) (1993). Using the figure of 388 kilograms of marijuana, Edwards's base offense level for the possession of marijuana count was 26; the base offense level for the witness-intimidation counts was 22. See id. §§ 2D1.1(c)(9), 2J1.2(c)(1), 2X3.1.  Because the conviction were grouped together for sentencing purposes pursuant to § 3D1.2, the offense level for the marijuana count was used as the offense level for all of the counts of convictions as it was the highest offense level.  See id. § 3D1.2.  After the court's addition of two offense levels for obstruction of justice and denial of an adjustment for acceptance of responsibility, Edwards had a total offense level of 28 and a criminal history category of I.  These figures resulted in a Guidelines range of seventy-eight to ninety-seven months of imprisonment.  See id. ch. 5, pt. A (sentencing tbl.).  The maximum statutory term of imprisonment for the witness-intimidation counts is not more than ten years while the maximum term for the marijuana-possession count is not

2

more than five years.  See 18 U.S.C. §§ 1512(b), 1513(b)[1]; 21 U.S.C. § 841(b)(1)(D).  The district court sentenced Edwards to seventy-eight months of imprisonment on the witness-intimidation counts and sixty months of imprisonment on the marijuana-possession count to be served concurrently.  The district court also sentenced Edwards to three years of supervised release for the witness-intimidation counts and five years of supervised release for the marijuana-possession count, with all of the terms to be served concurrently.

On direct appeal, we affirmed Edwards's conviction and sentence.  Edwards subsequently filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which the district court denied.  Edwards appealed the denial, but later voluntarily withdrew his appeal.  Edwards then filed the instant motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based upon a retroactive amendment to the Sentencing Guidelines and upon other grounds.  The district court denied the § 3582(c)(2) motion, and Edwards appeals the denial of this motion.

## II.  DISCUSSION

Edwards claims error in the district court's denial of his § 3582(c)(2) motion and its denial of the motion without first

---

[1]  Section 1513 has been amended since Edwards's conviction redesignating subsection (a), under which he was convicted, as subsection (b).

conducting an evidentiary hearing.[2]  We will address each issue in turn.

Section 3582(c)(2) permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was determined is lowered by the Sentencing Commission and if the reduction is consistent with the applicable policy statements of the Sentencing Guidelines.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  The applicable policy statement is Sentencing Guidelines § 1B1.10, and it

---

[2]      Edwards also raises several other challenges to his sentence: (1) the district court erred in its findings regarding the amount of marijuana attributed to him, which did not have an adequate factual basis; (2) the district court erred by upwardly enhancing his offense level pursuant to § 3C1.1 for obstruction of justice; and (3) the district court erred by denying him a reduction in his offense level for acceptance of responsibility. However, a § 3582(c)(2) motion is not the appropriate vehicle for raising these issues because they do not involve a retroactive application of a subsequently lowered Sentencing Guidelines range.  See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994); United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994) (holding that an unauthorized motion in district court could not be considered a § 3582(c)(2) motion because the motion did not address the retroactive application of a Sentencing Guidelines amendment and should have been dismissed for lack of jurisdiction); see also U.S. Sentencing Guidelines Manual § 1B1.10 application note 2 (1997) (noting that all other Sentencing Guidelines application decisions besides the application of the amended guideline remain unaffected); United States v. Adams, 104 F.3d 1028, 1030-31 (8th Cir. 1997).  On appeal, Edwards also asserts that (1) the district court erred in not reducing his offense level for being a minor or minimal participant, (2) the district court erred in considering hearsay evidence at his sentencing, (3) his counsel was ineffective, (4) he is "'Actually innocent' of the sentence imposed," and (5) application of § 2X1.1 requires a three-level reduction in his offense level. Even if these issues were cognizable under a § 3582(c)(2) motion, we will not consider them because Edwards did not raise them before the district court.  See Quenzer v. United States (In re Quenzer), 19 F.3d 163, 165 (5th Cir. 1993).

4

designates Amendment 516, the 1995 amendment to § 2D1.1(c) which reduces the marijuana plant equivalency from 1000 grams to 100 grams per plant, as retroactive.  See U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (1997); id. app. C, amend. 516; see also id. § 2D1.1(c) & tbl. note (E); Boe, 117 F.3d at 831.

The district court's decision whether to reduce a sentence under § 3582(c) is reviewed for an abuse of discretion.  See United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995).  In exercising that discretion, the court is to "'consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time.'"  Id. (quoting U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(b)).  The district court should also consider the applicable factors set forth in 18 U.S.C. § 3553(a).  See 18 U.S.C. § 3582(c); see also U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 background.  These factors include (1) the nature and the circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant, (3) the kinds of sentences available, (4) any pertinent Guidelines policy statement, and (5) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct.  See 18 U.S.C. § 3553(a).

Edwards argued in his § 3582(c)(2) motion in the district court that Amendment 516 should be applied to his case to reduce his sentence.  Amendment 516 to the Sentencing Guidelines treats

5

each marijuana plant as equivalent to 100 grams.  See U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(c) & tbl. note (E) (1997); id. app. C, amend. 516.  Under the amendment, the amount of marijuana attributable to Edwards would have been 38.8 kilograms, with a resulting base offense level of 18.  See id. § 2D1.1(c)(11). After adding two offense levels for obstruction of justice, the total offense level for the marijuana-possession count would have been 20.  The base and total offense level for the two witness-intimidation counts would also have been 20.  See id. § 2J1.2. Accordingly, if the amendment were applied, Edwards's highest offense level would be 20.  An offense level of 20 and a criminal history category of I yield a sentencing range of thirty-three to forty-one months of imprisonment.  See id. ch. 5, pt. A (sentencing tbl.).

In denying Edwards's § 3582(c)(2) motion, the district court acknowledged Amendment 516's retroactivity and that it changed the weight equivalency for marijuana plants.  The district court stated that

> [i]t is well established that this decision is within the discretion of this court.  Upon due consideration of the record in the underlying criminal case and the factors generally considered in imposing sentence set forth in 18 U.S.C. § 3553(a), the court declines to exercise its discretion.

This statement by the district court failed to indicate in any way which factors it found relevant to its decision or that it considered, as required by the Sentencing Guidelines, the sentence it would have imposed had the amended guideline been in effect at the time of sentencing.

6

The government argues that this court can affirm the district court based upon United States v. Whitebird, 55 F.3d 1007 (5th Cir. 1995). In Whitebird, we affirmed the district court's denial of the defendant's § 3582(c)(2) motion without stating any explicit reasons because it implicitly considered the factors in § 3553(a). Id. at 1010. However, in Whitebird, the district court made explicit reference to the motion and the authorities cited in support and in opposition to the motion. Id. Therefore, a review of the record in Whitebird made clear the reasons upon which the district court relied in making its decision. The instant case is unlike Whitebird because the government never responded to Edwards's motion in the district court, which would provide an indication as to the factors which the district court possibly found relevant. Nor is this case like United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994), in which we affirmed the district court's denial of a reduction of sentence based upon the district court's stated reasons which made no explicit reference to § 3553(a) or the factors listed therein. In Shaw, the stated reasons indicated the relevant factors that the district court considered in its decision and that the district court would have imposed the same sentence under the amended guideline by departing downward to a lesser degree. See id. at 28-29.

Without a clear indication in the record regarding the sentence the district court would have imposed under the amended guideline or which § 3553(a) factors the district court was

implicitly relying upon, we cannot determine whether the district court considered the sentence under the amended guideline or relied upon relevant considerations in denying Edwards's § 3582(c) motion. While the district court need not mechanically list every consideration in § 3553(a), it must provide a clear indication in the record "that the court has considered the relevant matters, and that some reason is stated for the court's decision." Adams, 104 F.3d at 1031.

Edwards also contends that the district court should have held an evidentiary hearing prior to denying his § 3582(c)(2) motion. Section 3582(c)(2) is silent regarding the right to a hearing. See 18 U.S.C. § 3582(c)(2); see also United States v. Townsend, 55 F.3d 168, 171-72 (5th Cir. 1995). Generally, a district court must hold a hearing only if it is necessary because the facts are in dispute. See Dickens v. Lewis, 750 F.2d 1251, 1255 (5th Cir. 1984). In deciding a § 3582(c)(2) motion, the general rule applies requiring a factual dispute before an evidentiary hearing is necessary applies. See United States v. Shackleford, No. 94-50556, slip op. at 8-11 (5th Cir. June 5, 1995) (unpublished)[3] (finding that a hearing was unnecessary because no factual dispute was raised in the district court's denial of the § 3582 motion). Edwards does not allege any factual disputes, nor does he demonstrate any need for the

---

[3] "Unpublished opinions issued before January 1, 1996, are precedent." 5TH CIR. R. 47.5.3.

district court to conduct an evidentiary hearing on the motion. See <u>Shackleford</u>, No. 94-50556, slip op. at 11.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, we VACATE the district court's order and REMAND the case for the district court to reconsider Edwards's motion in a manner consistent with this opinion.