# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1674

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of South Dakota. |
| Gerard P. Kills Enemy, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted:  September 7, 1999
Filed:   September 16, 1999

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After a jury found Gerard P. Kills Enemy guilty of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), the district court[1] sentenced him to 36 months imprisonment and 6 years supervised release.  In February 1999, while Kills Enemy was serving his supervised release, the district court revoked the supervised release based on Kills Enemy's admission that he had violated his release conditions by testing positive for marijuana and cocaine use.  While recognizing the 6-to-12-month

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

imprisonment revocation range suggested under U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1998), the court sentenced Kills Enemy to 24 months imprisonment. He now appeals.

After a thorough review of the record, we reject Kills Enemy's argument that the district court failed to consider the applicable policy statements in Chapter 7 and the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997). We also conclude the district court did not abuse its discretion in imposing the 24-month prison term. See 18 U.S.C. § 3583(e)(3); United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) ("sentencing ranges contained in Chapter 7 are merely advisory and thus are not binding on a sentencing court"); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.