# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1282

_____

United States of America

*Plaintiff - Appellee*

v.

Antoine Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 10, 2012
Filed: December 21, 2012
[Unpublished]

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Antoine Brown pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine and cocaine base. The district court sentenced him to 292 months in prison. Ten years later, Brown requested a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court granted his motion and reduced his sentence to 235 months of imprisonment. Last year, Brown moved for a second

reduction, but this time, the district court[1] denied the motion. On appeal, Brown argues the district court erroneously concluded he is ineligible for a further sentence reduction because his offense level remained unchanged by the recent retroactive crack cocaine amendment promulgated by the United States Sentencing Commission. For the following reasons, we affirm the judgment of the district court.

I

In November 2011, the United States Sentencing Commission promulgated Amendment 750, which revised the base offense levels in crack cocaine cases. Under the amended guidelines, a defendant who is held responsible for at least 840 grams but less than 2.8 kilograms of crack cocaine has a base offense level of 34, and a defendant who is held responsible for at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine has a base offense level of 36. U.S.S.G. § 2D1.1(c)(2)-(c)(3).

In denying Brown's motion, the district court found Brown was responsible for at least 2.8 kilograms of crack cocaine, rendering him ineligible for relief under the amended guidelines. The Presentence Investigation Report (PSR) prepared in anticipation of Brown's original sentencing stated Brown was held accountable for assisting in the distribution of "at least 1.5 kilograms" of crack cocaine. Brown contends nothing in the PSR indicates he was responsible for at least 2.8 kilograms of crack cocaine. He therefore argues the district court's factual finding is inconsistent with the original sentencing record. We disagree.

In connection with the district court's application of the guidelines, we review the district court's factual findings for clear error and its resolution of legal questions,

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

including whether it has the authority to modify a sentence under 18 U.S.C. § 3582(c)(2), de novo. United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam).

To be sure, we have held courts, when considering 18 U.S.C. § 3582(c)(2) motions, may not find facts at odds with their previous factual findings. United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997) ("[T]he district court is to leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively."); see also United States v. Moore, 582 F.3d 641, 646 (6th Cir. 2009); United States v. Woods, 581 F.3d 531, 538 (7th Cir. 2009). But nothing in § 3582(c) prevents a district court from making new factual findings, so long as they are consistent with the original sentencing determination and supported by the record. United States v. Hall, 600 F.3d 872, 876 (7th Cir. 2010); Moore, 582 F.3d at 646 ("We do not agree with [the defendant] that the district court's previous determination of 'more than 1.5 kilograms' means that it cannot also find more than 4.5 kilograms.").[2]

Here, the district court made exactly such a finding. It was consistent with its prior quantity determination; finding Brown was responsible for more than 2.8 kilograms of crack cocaine does not contradict the PSR's statement—adopted by the district court—that Brown assisted in the distribution of "at least 1.5 kilograms" of crack cocaine. And it was supported by the record. At his plea hearing, Brown

---

[2]The cases on which Brown relies do not support his argument. In Adams, the district court initially held the defendant accountable for exactly 73 marijuana plants at sentencing, only to later find him accountable for 110 marijuana plants when considering his § 3582(c)(2) motion. 104 F.3d at 1030. We reversed because there, unlike here, the district court made an inconsistent factual finding when considering the sentence modification motion. Id. at 1031. And in Moore, the Sixth Circuit reversed because the district court made no drug quantity finding whatsoever before denying the defendant's sentence reduction motion. 582 F.3d at 646. These factually inapposite cases therefore offer Brown little help.

admitted he was a founding member of the "6-0-Tre" gang, which operated for nearly six years. During the years it operated, the gang received weekly or biweekly packages of between three and thirteen kilograms of cocaine from California. Brown further testified he transported the cocaine to the house of Buster Jefferson, another founding member, where it was cooked into crack cocaine. He also stated he was personally responsible for distributing some of the crack cocaine. From this evidence, the district court could readily find Brown was responsible for at least 2.8 kilograms of crack cocaine. It did not clearly err when it did so.

## II

Brown's sentencing range was not affected by Amendment 750. The district court therefore properly denied his § 3582(c)(2) motion. We affirm.

———————————————