[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10630
Non-Argument Calendar

_____

D.C. Docket No. 8:91-cr-00272-JDW-EAJ-4


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

RONALD STANSEL,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 29, 2019)

Before TJOFLAT, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Ronald Stansel, proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2),[1] based on Amendment 782 to the U.S. Sentencing Guidelines.[2]  On appeal, he argues that the district court erroneously found that he was accountable for 551 kilograms of cocaine and should have revisited the sentencing court's 500-kilogram finding. For the following reasons, we affirm Stansel's sentence.

## I.    BACKGROUND

In 1994, Stansel pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to import five or more kilograms of cocaine, in violation of 21 U.S.C. § 963.  In the agreement, Stansel stipulated that he conspired to import approximately 500 kilograms of cocaine into the United States.[3]  According to the presentence investigation report ("PSI"), Stansel was involved in an international conspiracy to import 551 kilograms of cocaine.  Stansel owned the vessel that was

---

[1] "The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

[2] On April 10, 2014, the United States Sentencing Commission amended the Sentencing Guidelines to lower the base offense levels (found in the Drug Quantity Table in U.S.S.G. § 2D1.1) by two levels across all drug types. *See* U.S.S.G. App. C, Amend. 782 (2014). *See also United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015).  This amendment—Amendment 782—became retroactive in 2015.  *Id.* at 995.

[3] When he signed the plea agreement, Stansel also initialed the Facts section, which stated: "a quantity of cocaine weighing approximately 500 kilograms was imported into the Middle District of Florida."

used to transport the cocaine.  He operated the vessel along with his brother, Raymond Stansel.

Using the 1993 Guidelines Manual in preparing the PSI,[4] a probation officer calculated Stansel's base offense level at 40, pursuant to U.S.S.G. § 2D1.1.[5]  The probation officer then applied the following enhancements: (1) 2 levels, pursuant to § 2D1.1(b)(1), because a dangerous weapon was possessed during the offense; (2) 2 levels, pursuant to § 2D1.1(b)(2), because Stansel was the owner and captain of the vessel; and (3) 2 levels, pursuant to § 3C1.1, because Stansel obstructed justice. The calculation yielded a total offense level of 46.  Based on his total offense level of 46 and his criminal history category of III, the PSI calculated that Stansel's resulting "guideline imprisonment range [was] life."

At sentencing, Stansel objected to the calculation of the PSI's drug quantity. The government responded that it had witnesses that would attest to the quantity being 551 kilograms. But the government was "satisfied with the [c]ourt finding that 500 kilograms is the weight involved," as there were no witnesses that would testify that the amount "was anything less than 500 kilograms."  The court then determined that 500, not 551, kilograms were involved in the offense.  Stansel did

---

[4] Although the Sentencing Guidelines were previously mandatory, the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), now "makes the Guidelines effectively advisory. It requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." *Id.* at 245 (citations omitted).
[5] Under the 1993 Sentencing Guidelines, "[a]t least 500 KG but less than 1500 KG of Cocaine" equated to a base offense level of 40. *See* U.S.S.G. § 2D1.1 (1993).

not further object to the court's finding of 500 kilograms.  Based on Stansel having imported a quantity of 500 kilograms of cocaine, the court calculated his base offense level at 40.  The court then applied a two-level increase for obstruction of justice, bringing his total offense level to 42.  With his criminal history category at III, the court calculated a guideline range of 360 months to life imprisonment.  The court imposed a sentence of 420 months' imprisonment, with a 10-year term of supervised release.  This Court affirmed Stansel's conviction and sentence on direct appeal without a written opinion.  *United States v. Stansel*, 74 F.3d 1253 (11th Cir. 1996).

In 2004, Stansel, proceeding *pro se*, filed a motion to reduce his sentence pursuant to Amendment 505[6] and § 3582(c)(2).  He argued that Amendment 505 should be applied. Stansel argued that Amendment 505 would lower his base offense level to 38 and a three-level adjustment for his initial acceptance of responsibility would further lower his total offense to level 35 with a guideline range of 210 to 262 months.[7]  The court denied Stansel's § 3582(c)(2) motion.  It determined that, after applying Amendment 505 retroactively, Stansel's base offense level was 38, but a two-level enhancement for obstruction of justice

---

[6] Amendment 505 made "[a]t least 150 KG but less than 500 KG" a base offense level of 38, while 500 kilograms to 1500 kilograms resulted in a base offense level of 40.

[7] The government argued that Stansel had miscalculated the effect of Amendment 505 on his guideline range by (1) failing to apply the two-level enhancement for obstruction of justice, and (2) assuming he would receive the previously denied three-level acceptance of responsibility reduction.

resulted in a total offense level of 40. With a total offense level of 40 and a criminal history category of III, the guideline range remained at 360 months to life imprisonment. It concluded that, while Stansel's base offense level was lowered, his guideline range remained the same and he thus was ineligible for a reduction.

In 2017, Stansel filed a second *pro se* § 3582(c)(2) motion. He asserted that the court did not have a basis for finding him responsible for 500 kilograms of cocaine and insisted that 350 kilograms of cocaine was the correct amount. Using this amount, he argued that, pursuant to Amendment 782,[8] his new base offense level was 36, his total offense level was 38, and his guideline range was 292 to 365 months' imprisonment. He argued that the PSI reflected that he was unsure of the specific quantity of drugs on his vessel, which held a total of only 350 kilograms, and that the government failed to present evidence of the 500 kilograms at sentencing despite his objection to the PSI. Stansel again argued that he was eligible for a sentence reduction under Amendment 505 and requested that the court reconsider its earlier denial of his first § 3582(c)(2) motion.

The court denied Stansel's second motion, determining that he was ineligible for a reduction because his base offense level was 38 under Amendments 505 and

---

[8] Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses. Amendment 782 made "[a]t least 150 KG but less than 450 KG" a base level of 36.. U.S.S.G. App. C, Amend. 782 (2014). Drug offenses involving "450 KG or more" resulted in a base offense level of 38. *Id.*

782, as he was accountable for 551 kilograms of cocaine.[9]  Thus, it concluded that Amendment 782 did not lower his applicable guideline range because Amendment 782 imposed a base level offense of 38 for offenses involving more than 450 kilograms and Stansel admitted in his plea agreement that 500 kilograms were involved in the offense.

Stansel moved for reconsideration, which the court denied because it found that Stansel was trying to reargue the merits of his § 3582(c)(2) motion.

In 2018, Stansel, proceeding *pro se*, filed a motion for a sentence reduction, pursuant to § 3582(c)(2) and Amendment 782.  He asserted that the court erroneously relied on his plea agreement and the PSI for the drug quantity, as it was inaccurately reflected in both documents.  He asserted that the government failed to prove the 500-kilogram amount at sentencing, as the PSI noted that there were only 10 bags containing cocaine and each bag could hold only 35 kilograms.  He argued that he did not have a reason to object to the 500-kilogram finding at sentencing because any drug weight over 150 kilograms subjected him to the maximum penalty possible; the exact quantity did not affect the calculation of his guideline range prior to Amendment 782.  He insisted that if he had known that the

_____

[9] In this order and the 2018 order, the district court mistakenly stated that Stansel did not object to the 551-kilogram finding.  This is incorrect, as Stansel did object to the 551-kilogram amount during sentencing.  However, the record reflects that Stansel did not object to the 500-kilogram finding during his sentencing.

guideline would be changed to reduce the penalty for a drug offense involving less than 450 kilograms, he would have challenged the drug quantity. U.S.S.G. App. C, Amend. 782 (2014). He further argued that he had the right to a hearing on the exact drug quantity amount and that, if the court found a more reliable drug quantity, he would be eligible for relief under § 3582(c)(2) and Amendment 782. Stansel believes his new guideline range would be 295 to 356 months' imprisonment and requested that the court impose a reduced sentence of 360 months' imprisonment.

The district court denied Stansel's motion. The court determined that his motion was meritless, as the PSI held him accountable for 551 kilograms and he did not object to that finding at sentencing. It also incorrectly noted that the sentencing court had found him accountable for 551 kilograms of cocaine.[10] The court concluded that he was not eligible for a sentence reduction because he had been held accountable for more than 450-kilograms, so Amendment 782 did not lower his guideline range. Stansel timely appealed.

## II.    STANDARD OF REVIEW

"We review *de novo* the district court's conclusions about the scope of its legal authority under § 3582(c)(2)." *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

---

[10] *See infra* note 9.

## III.    DISCUSSION

Once it pronounces a sentence, a district court's authority "to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). A district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In order for Stansel to be eligible for a reduction under § 3582(c)(2), "the Sentencing Commission must have amended the Sentencing Guidelines,  . . . [the] amendment must have lowered [his] sentencing range, and it must also be one that is listed in U.S.S.G. § 1B1.10(c)." *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). However, a court may not reduce a defendant's sentence if the retroactive amendment would not actually lower his guideline range. *See* U.S.S.G. § 1B1.10, comment. (n.1(A)).

As noted above, the Sentencing Commission amended the Sentencing Guidelines in 2014. That amendment, Amendment 782, reduced by two levels the base offense levels that apply to most drug offenses under §§ 2D1.1 and 2D1.11. U.S.S.G. App. C, Amend. 782 (2014). Pursuant to Amendment 782, the Guidelines dictate that a defendant's base offense level is 38 if he is responsible for 450 kilograms or more of cocaine, and it is 36 if he is responsible for 150 to 450

8

kilograms of cocaine.  U.S.S.G. § 2D1.1(c)(1), (2). Amendment 782 is listed in § 1B1.10(c), so it may serve as the basis for a sentence reduction.  *Id.* § 1B1.10(c).

It is clear that the quantity of cocaine is particularly relevant to Stansel's base offense calculation.  So we first address Stansel's argument that the sentencing court erred in determining that he was accountable for 500 kilograms of cocaine. Stansel argues that the 500 kilogram quantity was based on an imprecise calculation in his plea agreement and the PSI. He argues that the only unobjected-to factual finding from the PSI was that he was accountable for at least 150 kilograms of cocaine.  Stansel insists that he had no reason to object to any quantity beyond that at the time because it was the threshold for his base offense level.  He asserts that the sentencing court erroneously failed to inform him of the significance of the drug quantity but that the difference between the 350 kilograms of which there is evidence and the 500 kilograms for which he was erroneously found responsible now deprives him of a sentence reduction.

Unfortunately for Stansel, none of these arguments changes the fact that Stansel both failed to object to the 500 kilograms in the sentencing court *and* signed his plea agreement, stipulating to the 500-kilogram amount.  When we consider a motion for sentence reduction, our process is limited because "only the amended guideline is changed. *All other guideline application decisions made during the original sentencing remain intact.*" *United States v. Vautier*, 144 F.3d

9

756, 760 (11th Cir. 1998) (emphasis added).  The course of events at Stansel's sentencing hearing is clear: the Presentence Investigation Report cited 551 kilograms of cocaine and Stansel objected to that amount.  The sentencing court considered Stansel's objection and determined that "[e]verything else I've seen indicates that it's 500 kilograms. . . . I am going to find that the weight of the cocaine involved in this case is 500 kilograms."  On June 22, 1994, Stansel signed the plea agreement and, when doing so, was required to initial the Facts section, which explicitly states: "a quantity of cocaine weighing approximately 500 kilograms was imported into the Middle District of Florida."  Thus, the 500-kilogram amount became the stipulated amount.

The factual determination of the court and Stansel's own acceptance of the stipulation via his signature on the plea agreement are binding here.  Indeed, this Court has previously acknowledged that, "it is unusual, for efficiency reasons if no other, for trial courts to revisit factual findings. . . . [T]he district court is to leave all of its previous factual decisions intact" when considering a motion for sentence reduction.  *United States v. Cothran*, 106 F.3d 1560, 1562–63 (11th Cir. 1997) (quoting *United States v. Adams*, 104 F.3d 1028, 1030 (8th Cir. 1997)).  Stansel may not, decades later, raise factual objections that he did not deem worthy to raise at the time simply because they are now beneficial.  We find that the relevant amount is 500 kilograms of cocaine.

10

We now turn to Stansel's request for a sentence reduction under Amendment 782. During a § 3582(c)(2) proceeding, the court should recalculate the defendant's guideline range under the "amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). In doing so, the district court does not alter any "other guideline application decisions made during the original sentencing." *Id.* (quotation marks omitted). Accordingly, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.* at 781. We may affirm the district court for any reason supported by the record, even if the district court did not consider or rely on it. *United States v. Hall*, 714 F.3d 1270, 1271 (11th Cir. 2013).

As the government and Stansel both note, the district court improperly cited to the 551-kilogram finding in the PSI. As discussed above, the sentencing court held Stansel accountable for an exact quantity of 500 kilograms, and this Court affirmed Stansel's conviction and sentence on direct appeal. Here, although the district court mistakenly stated that Stansel did not object to the 551-kilogram finding, the record clearly reflects that Stansel did not object to the 500-kilogram

11

finding during his sentencing. Thus, we apply the 500-kilogram amount to our guideline range calculations.

Using the 500-kilogram finding and applying Amendment 782 to Stansel's guideline range, his base offense level is lowered from 40 to 38. However, after applying his 2-level enhancement for obstruction of justice, Stansel has a total offense level of 40.  U.S.S.G. App. C, Amend. 782 (2014); U.S.S.G. § 2D1.1(c)(1). With a new total offense level of 40 and a criminal history category of III, Stansel's resulting guideline range remains 360 months' to life imprisonment.  *See Bravo*, 203 F.3d at 780; U.S.S.G. Ch. 5, Pt. A (Sentencing Table).  Consequently, Stansel's original guideline range remains unchanged after retroactively applying Amendment 782. Ultimately, the district court's mistake in citing the 551-kilogram amount is irrelevant because Amendment 782 does not have the effect of lowering his guideline range.

"Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008). The district court properly determined that Stansel was not eligible for a sentence reduction under § 3582(c)(2) because retroactively applying Amendment 782 to

12

his sentence did not lower his applicable guideline range due to the sentencing court's drug quantity finding.

Stansel's sentence is **AFFIRMED.**